IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| VS. | * * | NO: 4:08CR00131 SWW |
| ROBERT McDOWELL | * * | |

**ORDER**

By order entered August 27, 2008, the Court determined that Defendant Robert McDowell was then incompetent to stand trial. The Court committed Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for further hospitalization to evaluate whether treatment would restore Defendant's competency and allow a trial to proceed. And on February 13, 2009, the Court entered an order extending Defendant's hospitalization for the purpose of continued treatment aimed at restoring Defendant's competency and for a risk assessment pursuant to 18 U.S.C. § 4246(a).

On July 7, 2009, the Court received a psychiatric evaluation from the Federal Medical Center in Butner, North Carolina, reporting that Defendant continues to suffer from a mental disease or defect, rendering him unable to understand the nature and consequences of the charges against him or to assist properly in his defense, and that Defendant's competency is unlikely to be restored.

On July 24, 2009, the Court convened a hearing on the issue of Defendant's competency to stand trial. Defendant, who was not present at the hearing, appeared through counsel. With no

objection from the parties, the Court received the aforementioned psychiatric evaluation into evidence. No other evidence was offered or received.

After careful review, the Court finds by a preponderance of the evidence that Defendant's condition has not improved, and he remains unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, Defendant is subject to the provisions of 18 U.S.C. § 4246, and any commitment proceeding thereunder should be filed in the United States District Court for the Eastern District of North Carolina.

Defendant has expressed a strong desire to remain in Arkansas, the state in which he is domiciled and his family members and friends reside. The Court notes that under 18 U.S.C. § 4246(a), before any commitment proceedings can take place, the director of the facility must certify to the court for the district in which Defendant is confined that there are no suitable arrangements for state custody. Furthermore, in the event that Defendant is committed under § 4246(d), the Attorney General will be under an obligation to exert reasonable efforts to place him in a suitable state facility, *see* 18 U.S.C. § 4246(d). In the event that Defendant is committed for hospitalization under § 4246(d), and he cannot be placed in a suitable Arkansas facility, this Court would recommend that, until Arkansas can assume responsibility for Defendant's custody, care, and treatment, that he be hospitalized in a suitable federal facility close to Arkansas.

IT IS THEREFORE ORDERED that, pursuant to 18 U.S.C. § 4241(d), Defendant is committed to the custody of the United States Attorney General.

IT IS SO ORDERED THIS 28TH DAY OF JULY, 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

2